UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NURIA OSMAN,

    Plaintiff,

  v.

GEICO SECURE INSURANCE CO., a foreign corporation,

    Defendant.

Case No. C16-1724L

ORDER OF REMAND AND DENYING ATTORNEY'S FEES

## I. INTRODUCTION

This matter comes before the Court on plaintiff Nuria Osman's "Motion to Remand and Motion for Attorney's Fees." Dkt. #12. Plaintiff argues her claim did not meet the jurisdictional amount in controversy requirement when defendant Geico removed the case to federal court. Plaintiff requests an award of attorney's fees (Dkt. #12) for costs stemming from the putatively improper removal of the case and has also moved for an extension of time (Dkt. #13) to comply with the Court's scheduling order (Dkt. # 4).

## II. BACKGROUND

Plaintiff's complaint alleges she suffered injuries in a car collision in September 2015. The culpable motorist's insurance policy did not cover all of plaintiff's damages. Plaintiff turned to the policy her husband held with defendant. The policy included a provision for

ORDER OF REMAND AND DENYING ATTORNEY'S FEES- 1

coverage of up to $25,000 in the event another motorist's policy cannot provide adequate compensation for an injury. After plaintiff rejected defendant's settlement offer of $2,500, she filed a complaint in King County Superior Court.

Plaintiff alleges two theories of recovery. One alleges violations of Washington's Insurance Fair Conduct Act (IFCA). Dkt. #1-2 at ¶¶ 5.1-5.5. The second alleges a breach of contract and includes a claim of bad faith. Dkt. #1-2 at ¶¶ 6.1-6.7. Plaintiff's complaint also states her intent to file a Statement of Arbitrability under Washington's mandatory arbitration process. Dkt. #1-2 at ¶ 7.1.

Plaintiff's prayer for relief requests a judgment that "will fairly compensate her for all damages sustained." Dkt. #1-2 at ¶ 8.1. Plaintiff specifically requests that defendant perform according to the terms of the insurance contract and that the court declare that defendant acted in bad faith. Plaintiff also requests prejudgment interest, attorney's fees and costs, other damages "appropriate after discovery," and "other relief the Court deems just." *Id*.

Defendant removed the case. Dkt. #1. This motion followed.

### III. SUBJECT MATTER JURISDICTION

Absent a question of federal law, an amount in excess of $75,000 must be in controversy in order for a state-court action between diverse parties to be removed to federal court. 28 U.S.C. § 1332(a). The removal statutes are strictly construed against removal. Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014). Where, as here, the amount in controversy is unclear from the state-court complaint, the party seeking the federal forum bears the burden of providing evidence "establishing that it is more likely than not that the amount in controversy" exceeds $75,000 at the time of removal. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation marks omitted); Singer v. State Farm Mut. Auto. Insu. Co., 116 F.3d 373, 377 (9th Cir. 1997). An amount pleaded in plaintiff's complaint controls determination of the amount in controversy as long as "the claim is apparently made in good faith." Singer, 116 F.3d at 375. A defendant "faces an uphill battle to avoid remand where plaintiff sues for less than $75,000," "likely needing to show the amount

ORDER OF REMAND AND DENYING ATTORNEY'S FEES- 2

1  pleaded was falsely or incompetently set forth." William W. Schwarzer *et al*., Federal Civil
2  Procedure Before Trial 2:2385-86 (2016).

3   Plaintiff contends her complaint limits her award to an amount under $75,000 because of
4  her intent to file a Statement of Arbitrability under Washington's mandatory arbitration scheme.
5  Motion at p. 4. Washington limits awards from mandatory arbitration to $50,000 "exclusive of
6  interest and costs." RCW 7.06.020(1). Under IFCA, the maximum award to a victim of
7  unreasonable insurance practices is no more than three times the actual damages as well as
8  "reasonable attorney's fees and litigation costs." RCW 48.30.015.

9   Defendant argues that plaintiff's intent to submit to mandatory arbitration is not relevant
10 to the amount in controversy analysis and encourages the Court to construe the complaint as
11 waiving damages above $50,000 "for purposes of arbitration only." Response (Dkt. #15) at p. 5.
12 Defendant also asserts that plaintiff's alleged damages, after IFCA penalties, exceed $75,000.
13 Response at p. 3. Defendant implies the contractual bad faith claim contributes to the amount in
14 controversy. Response at 5.

15  The Court construes plaintiff's allegation that her claim is subject to mandatory
16 arbitration to be a representation that she seeks no more than $50,000, exclusive of interest and
17 reasonable attorney's fees under IFCA. Given the dates of plaintiff's injury and complaint, the
18 Court estimates the maximum accrued interest is approximately $6,000. *See* RCW 4.56.110(4)
19 *and* RCW 19.52.020 (providing a 12% interest rate for contractual claims where the parties have
20 not agreed to a prejudgment interest rate).

21  Defendant has not shown by a preponderance of the evidence that plaintiff seeks a total
22 arbitration award in excess of $75,000. The Response does not provide any details of what
23 amount of attorney's fees the Court should consider reasonable in an arbitration. In light of
24 arbitration's goal to reduce costs, the Court declines to speculate that those costs will exceed
25 approximately $19,000. Neither does defendant provide sufficient evidence that plaintiff's
26 contractual bad faith claim affects plaintiff's limitation of her damages. Last, defendant has not

28 ORDER OF REMAND AND DENYING ATTORNEY'S FEES- 3

made any allegation that plaintiff pleaded the $50,000 limitation in bad faith.

The jurisdictional analysis considers plaintiff's claim at the time of removal. See Singer, 116 F.3d at 377. If plaintiff persists in her claim without actually seeking arbitration or after rejecting her arbitration award, the Court would not treat the intent to file a Statement of Arbitrability as a limitation on damages. As pleaded, the Court does not have jurisdiction over plaintiff's action.

## IV. ATTORNEY'S FEES

Plaintiff claims defendant's removal lacked a reasonable basis and requests $2,275 in attorney's fees for expenses incurred as a result. Reply (Dkt. #18) at p. 7 (citing 28 U.S.C. § 1447(c)). Absent unusual circumstances, the provision authorizes an award of fees only when "the removing party [lacks] an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). When considering whether an award is proper, district courts "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Martin, 546 U.S. at 139.

Plaintiff asserts that defendant "knew or should have known" that plaintiff had limited her claim to $50,000 and that district courts consider attorney's fees "too speculative to support jurisdictional claims." Motion at p. 7 (citing Patrick v. Costco Wholesale Corp., 2013 WL 685892 (D. Ariz. 2013) and Haisch v. Allstate Ins. Co., 942 F.Supp. 1245 (D. Ariz. 1996)). Defendant insists federal judges in this district "routinely" include attorney's fees in the amount in controversy in IFCA claims. Response at p. 4 (citing Michels v. Geico Ins. Agency, Inc., 2012 WL 5866448 (W.D. Wash. Nov. 19, 2012)). In addition, defendant correctly observes that outside of mandatory arbitration, the amount in controversy exceeds $50,000. Response at p. 5.

Both parties provided objectively reasonable arguments on the inclusion of attorney's fees in the amount in controversy. The same can be said of their positions on the effect of

ORDER OF REMAND AND DENYING ATTORNEY'S FEES- 4

plaintiff's intent to seek mandatory arbitration.  Considering district courts' conflicting answers as to whether attorney's fees are calculated in the amount in controversy and plaintiff's choice to seek an amount below her maximum claim, the Court finds defendant's removal was not objectively unreasonable.[1]

## V. CONCLUSION

For all of the foregoing reasons, plaintiff's motion for remand (Dkt. #12) is GRANTED. Plaintiff's motion for attorney's fees (Dkt. #12) is DENIED. This matter is hereby REMANDED to the King County Superior Court.  In light of remand, plaintiff's motion for extending time (Dkt. #13) is DENIED.

Dated this 26th day of January, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Plaintiff relies on Dahir v. Geico, No. C15-1688RSM, to support her request for attorney's fees.  The Honorable Ricardo M. Martinez granted an award of fees against the very same defense counsel in this case after finding that removal was improper. Dkt. # 19-1. Dahir is distinguishable.  First, counsel's filings in that case had numerous deficiencies, and counsel had not filed a timely response to the motion for remand.  Id. at p. 5.  Second, plaintiff requested $50,000 in damages and a finding of bad faith, but did not plead a cause of action under IFCA, so no treble damages provision applied and attorney's fees could be no more than $200 pursuant to RCW 4.84.080.  Id. at p. 6.  Third, counsel's assertion that attorney's fees would be at least $20,000 was unsupported.  Id.  In contrast, while removal in this case was ultimately unsuccessful, it was not objectively unreasonable considering the interest provision in the mandatory arbitration scheme and IFCA's provisions for treble damages and reasonable attorney's fees. Both Dahir and this case make clear that: the intent to file a Statement of Arbitrability, including for IFCA claims, operates as a cap on damages; not all bad faith claims are IFCA claims; plaintiff's complaint determines if IFCA provisions apply; and calculations of the amount in controversy, including attorney's fees, must be precise enough so that a court can determine by a preponderance of the evidence a claim's value.  These standards should guide counsel when considering removal in the future.

ORDER OF REMAND AND DENYING ATTORNEY'S FEES- 5